# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES DALE VAUGHN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 06-202-RAW-KEW** |
| | ) | |
| **WALTER DINWIDDIE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-2000-47 for Trafficking Methamphetamine (20 grams or more) (Count 1); Unlawful Possession of Controlled Dangerous Substance without a Tax Stamp (Count 2); Unlawful Possession of Police Radio (Count 3); Unlawful Possession of Paraphernalia (Count 4); Unlawful Possession of Firearm in Commission of a Felony (Count 5); and Carrying a Firearm, After Conviction of a Felony (Count 6). He sets forth the following grounds for relief:

I.    Because the search warrant that yielded all of the evidence in this case was based on unverified hearsay information from a confidential informant, the magistrate did not have a substantial basis for concluding that probable cause existed to issue the search warrant, and the evidence should have been suppressed.

II.   The trial court erred in failing to require the State to disclose *in camera* the identity of the confidential informant, contrary to the dictates of the Oklahoma Statutes.

III.  The jury was erroneously instructed as to the range of punishment on

Count 5, as an enhancement statute cannot itself be enhanced.

IV.     Petitioner was denied his right to effective assistance of appellate counsel, in that appellate counsel failed to argue on appeal that there existed insufficient evidence to support a conviction on Trafficking, Failure to Affix Drug Stamp, Unlawful Use of a Police Radio, and Unlawful Possession of Drug Paraphernalia.

V.      Petitioner was denied his right to effective assistance of appellate counsel, in that appellate counsel failed to argue on appeal that [petitioner] was unfairly prejudiced by the State's irrelevant evidence regarding the charge of Trafficking.

VI.     Petitioner was denied his right to effective assistance of appellate counsel, in that appellate counsel failed to argue on appeal the ineffective assistance of trial counsel, in that trial counsel failed to request a *Franks* hearing, with regard to the State's search warrant and the warrant affidavit.

VII.    An actual conflict of interest concerning counsel's joint representation of petitioner and co-defendant Alexander violated petitioner's state and federal constitutional rights, under the Oklahoma and federal constitutions.

VIII.   Petitioner is actually and factually innocent of Count 3, Unlawful Possession of a Police Radio.

IX.     Petitioner is actually innocent of Count 1, Trafficking Methamphetamine.

The respondent has submitted the following records to the court for consideration in this matter:

A.      Petitioner's brief in his direct appeal.

B.      The State's brief in petitioner's direct appeal.

C.      Opinion affirming petitioner's convictions in LeFlore County District Court Case Number CF-2000-47. His sentences in Counts 1, 2, 3, 4, and 6 were affirmed, but his sentence in Count

2

5 was modified to two (2) years' imprisonment. *Vaughn v. State*, No. F 2002-175 (Okla. Crim. App. Feb. 20, 2003).

D.   Order denying petitioner's application for post-conviction relief. *State v. Vaughn*, No. PC-2006-108 (LeFlore County Dist. Ct. Jan. 17, 2006).

E.   Petitioner's brief in support of his petition in error to the Oklahoma Court of Criminal Appeals, filed February 3, 2006.

F.   Order Affirming Denial of Post-Conviction Relief. *Vaughn v. State*, No. PC-2006-108 (Okla. Crim. App. Apr. 28, 2006).

G.   Summary Opinion affirming petitioner's Judgment and Sentence in LeFlore County District Court Case No. CF-2000-295. *Vaughn v. State*, No. F-2000-1372 (Okla. Crim. App. Mar. 14, 2002).

**Facts**

The Oklahoma Court of Criminal Appeals (OCCA) set forth the facts of petitioner's case in his direct appeal:

Based on information obtained from a confidential informant, LeFlore County police officers obtained a search warrant for a residence in Wister, Oklahoma. [Petitioner] lived at this residence with his father, step-mother, and brother. Officers executed the search warrant on December 14, 1999.

In one of the bedrooms, officers found a blue bank bag which contained several ziplock baggies, a silver spoon, and several syringes. The baggies contained a tan-colored powdery substance which field tested positive for methamphetamine. The positive findings for methamphetamine were later confirmed by an OSBI forensic chemist. Total weight of the substances found in the bedroom which tested positive for methamphetamine was approximately [] 70.5 grams. (Tr. 297). Officers found a wooden box in the chest of drawers which contained a set of scales and also drug paraphernalia, including another syringe, a baggie containing what appeared to be marijuana, and another baggie containing powder residue was found inside. (Tr. 220-29). No tax stamps were affixed to any of the items testing positive for methamphetamine. (Tr. 154).

3

Officers also recovered an operating police scanner, and nearby, a list of various law enforcement frequencies. (Tr. 167-68, 171). In the dresser, officers also located several items of identification bearing the name of James Vaughn. (Tr. 161-66).

[Petitioner] was present when the search warrant was executed and was arrested. He had $569.00 in his front pocket, $2,988.00 in his wallet, and a Lorcin .25 caliber pistol in his coat pocket. (Tr. 144, 231-32).

At trial, [petitioner] admitted he had three prior felony convictions. He admitted the items of identification were his; the police scanner belonged to his girlfriend Brenda Alexander, and claimed the money he had was money received from his mother's estate. He denied knowledge of the pistol in the pocket of the borrowed coat he was wearing and also denied knowledge of the presence of any drugs in the residence.

*Vaughn v. State*, No. F-2002-175, slip op. at 2-3 (Okla. Crim. App. Feb. 19, 2003) (footnotes omitted). The state court's findings of fact are presumed correct, unless the petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Ground I: Search Warrant

Petitioner alleges the evidence from the search of his residence should have been suppressed, because there was not probable cause to issue the search warrant. He asserts the search warrant was based solely on unverified hearsay information from a confidential informant. The respondent alleges this Fourth Amendment claim was fully and fairly litigated in the state courts, so it is not cognizable in this habeas corpus proceeding.

The record shows that before trial, petitioner contested the legality of the search warrant and the evidence obtained from the search by filing a motion to suppress the evidence on March 13, 2000. (O.R. 40). Defense counsel argued the motion the next day at petitioner's preliminary hearing (P.H. Tr. 33-43). At defense counsel's request, the trial court then gave the parties 15 days to brief the issue (P.H. Tr. 44-45, O.R. 42). Petitioner's

motion, however, was overruled on April 5, 2000. (O.R. 56-59). Petitioner filed a second

motion to suppress which was heard on May 23, 2000, and also denied. (O.R. 91-94, Motion

to Suppress Tr. 2-12).

Petitioner also raised the issue on direct appeal. The OCCA analyzed the issue and

denied relief as follows:

> The State submits the affidavit of officer Danny Baker set forth a
> sufficient basis for the issuance of the search warrant, and we agree. Although
> [petitioner] claims "the affidavit did not indicate that the informant had
> described either Mr. Vaughn or the place to be searched with any
> particularity," we note the affidavit as a whole suggests otherwise. . . . [T]he
> officer/affiant describes with particularity the location of the place to be
> searched--the residence of James Vaughn (O.R. 9-10). . . .

*Vaughn*, No. F-2002-175, slip op. at 5.

The affiant stated that the confidential informant said someone named James Vaughn

was selling crank from his house at night, and from a van in front of his house during the day.

*Id*. The informant saw petitioner sell methamphetamine from his home on five occasions.

*Id*. Within 72 hours of December 13, 1999, the confidential informant had observed a large

quantity of methamphetamine at petitioner's house, and petitioner had taken

methamphetamine from a blue bag and sold it at the residence. *Id*. The informant also saw

additional methamphetamine in two ziplock bags, along with approximately one ounce of

marijuana in the blue bag. *Id*.

> . . . In this case, when viewed as a whole, we find the facts contained
> in the affidavit pertaining to the reliability of the informant, including the
> particularity of the informant's observations, were sufficient and established
> probable cause to justify the magistrate's issuance of the search warrant.
> *Morgan v. State*, 738 P.2d 1373, 1374 (Okla. Crim. App. 1987). Therefore,
> we find the search warrant properly issued, the evidence was properly
> admitted, and this proposition is denied.

*Id*. at 6.

Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings, if the petitioner had an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 418 U.S. 465, 494 (1976). Here, petitioner had the opportunity and exercised it fully. This ground for habeas relief fails.

## Ground II: Identity of Confidential Informant

Petitioner next complains that the trial court erroneously failed to require an *in camera* disclosure by the State of the confidential informant's identity, in violation of Okla. Stat. tit. 12, § 2510. The respondent asserts this ground for habeas relief does not state a constitutional claim, so it is not cognizable in this habeas action. The OCCA discussed this issue as follows:

> . . . Okla. Stat. tit. 12, § 2510(A) allows the State to refuse to disclose the identity of informants. Subsection C sets forth three exceptions to the privilege, and [petitioner] claims the third exception applied in this case and required the trial court to hold a hearing for disclosure. Okla. Stat. tit. 12, § 2510(C)(3) states

> > If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the court or the defendant is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, the court or defendant may require the identity of the informer to be disclosed. The court shall, on request of the government, direct that the disclosure be made in chambers. All counsel and parties concerned with the issue of legality shall be permitted to be present at every stage of a proceeding under this subsection except a disclosure in chambers if the court determines that no counsel or party shall be permitted to be present. If disclosure of the identity of the informer is made in chambers, the record thereof shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be

revealed without consent of the government.

[Petitioner] argues the trial court failed to follow the statutory procedure as he was required by this statute to interview the officer outside the presence of [petitioner] and both attorneys to make an independent determination whether the informant was reliable. [Petitioner] claims this violation of his statutory right deprived him of the opportunity to fairly and completely litigate the validity of the search warrant.

Prior to trial, defense counsel moved to require the State to disclose the identity of the confidential informant who provided information to law enforcement which was used to obtain the search warrant. Defense counsel claimed the confidential informant was "a material part of every event" and therefore disclosure of his or her identity was a critical part of the defense. After hearing arguments from both parties and considering the case before it, the trial court concluded that disclosure of the identity of the informant was not material to the defense of the events underlying the criminal charges. (Tr. 117-22).

Whether disclosure of an informant's identity is compelled in a particular case is a matter within the discretion of the trial court. *Hill v. State*, 589 P.2d 1073, 1077 (Okla. Crim. App. 1979). Where the defendant makes a timely demand for disclosure, he bears the burden of establishing by a preponderance of the evidence that the informer's identity is necessary and relevant to a fair defense. *Kovash v. State*, 519 P.2d 517, 520 (Okla. Crim. App. 1974), *cert. denied*, 419 U.S. 830 (1974).

In this case, defense counsel made a timely demand for disclosure. His demand at trial was that disclosure was necessary, because the confidential informer was a material witness necessary to the defense. The trial court determined that disclosure of the identity of the informant was not necessary to [petitioner's] defense, because the confidential informant was not involved in any of the events which took place on December 14 , 1999. The trial court had previously determined the affidavit for search warrant was sufficient to establish probable cause for the issuance of the search warrant, and within that finding concluded the confidential informant's reliability was sufficiently shown.

. . . Here, the officer could not attest to his observations of a controlled buy, because there was not one. . . . [H]owever, such an attestation was not necessary where there was other information in the affidavit which showed to the magistrate that the officer/affiant had reason to believe the informant to be reliable. Because the court was satisfied that the reliability of the informant was sufficiently shown in the affidavit for the search warrant, disclosure of the identity of the confidential informant to determine whether he was reliable or credible was not necessary.

The search warrant was issued on the basis of an adequate and sufficient affidavit; it resulted in the location and confiscation of illegal drugs and other items. Disclosure of the informant's identity would not have materially affected any issue at trial and would not have affected the outcome of the trial; disclosure was not necessary for [petitioner] to put forth a defense to the crimes charged. We find the trial court's refusal to require disclosure of the identity of the person whose information started the investigation by the police was not an abuse of discretion.

*Vaughn*, No. F-2002-175, slip op. at 7-10.

This court is "bound to accept the Oklahoma court's construction of its state statutes." *Dennis v. Poppel*, 222 F.3d 1245, 1257 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (citing *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959)). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief.

## Ground III: Jury Instruction on Punishment

Petitioner next alleges the trial court erroneously instructed the jury about the range of punishment on Count 5, Unlawful Possession of a Firearm in Commission of a Felony. Petitioner contends the enhancement statute cannot itself be enhanced. Petitioner admits in his brief in support of the petition [Docket #3 at 23] that the OCCA granted relief and directed the trial court to modify petitioner's sentence for Count 5 to two years' imprisonment.

The respondent alleges petitioner already has received all the relief to which he is entitled for this claim. The record shows the OCCA agreed that petitioner's conviction for this count "cannot be enhanced under the general enhancement statute, because that would result in a double enhancement." *Vaughn v. State*, No. F 2002-175, slip op. at 11. Petitioner's sentence, therefore, was modified from 20 years' imprisonment to the minimum of two years' imprisonment. *Id*. Because petitioner received relief on this claim from the OCCA, it must be denied in this federal habeas corpus petition.

## Grounds IV, V, and VI: Ineffective Assistance of Appellate Counsel

Petitioner argues in Ground IV that his appellate counsel was ineffective, because counsel failed to argue on appeal that the evidence was insufficient to support convictions for Trafficking, Failure to Affix Drug Stamp, Unlawful Use of a Police Radio, and Unlawful Possession of Drug Paraphernalia. In Ground V he alleges appellate counsel was ineffective in failing to argue petitioner was prejudiced by the State's irrelevant evidence to support the charge of Trafficking. He claims in Ground VI that appellate counsel failed to argue that trial counsel should have requested a *Franks* hearing with regard to the search warrant and the

9

warrant affidavit.

Petitioner first raised these claims in his application for post-conviction relief. In its Order Affirming Denial of Post-Conviction Relief, the OCCA found as follows:

> Petitioner argues he was denied effective assistance of appellate counsel because appellate counsel did not raise issues Petitioner believes should have been raised on direct appeal. Failure to raise each and every issue is not determinative of ineffective assistance of counsel, and counsel is not required to advance every cause of argument regardless of merit. *See Cartwright v. State*, 708 P.2d 592 (Okla. Crim. App. 1985). The record does not support Petitioner's contention he was denied effective assistance of appellate counsel.

*Vaughn v. State*, No. PC-2006-0108, slip op. at 3 (Okla. Crim. App. Apr. 28, 2006).

The respondent asserts the Oklahoma Court of Criminal Appeals considered and found no merit in these claims in petitioner's post conviction appeal, and under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's

performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*.
at 687.

> The *Strickland* test also applies to assessing the effectiveness of
> appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir.
> 1995). When a habeas petitioner alleges that his appellate counsel rendered
> ineffective assistance by failing to raise an issue on direct appeal, we first
> examine the merits of the omitted issue. If the omitted issue is meritless, then
> counsel's failure to raise it does not amount to constitutionally ineffective
> assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998)
> (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the
> issue has merit, we then must determine whether counsel's failure to raise the
> claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 4452 (1999).

## Sufficiency of the Evidence (Ground IV)

Petitioner alleges in Ground IV that his appellate counsel was ineffective in failing
to argue the evidence was insufficient to support his convictions for Trafficking
Methamphetamine, 20 grams or more (Count 1), Unlawful Possession of Controlled
Dangerous Substance without a Tax Stamp (Count 2), Unlawful Possession of Police Radio
(Count 3), and Unlawful Possession of Paraphernalia (Count 4). "Sufficiency of the
evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887
F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas
review of a state court conviction, "the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, *any* rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,
443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court has repeatedly emphasized the deference the reviewing court

owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). Petitioner's jury was instructed on the crimes at issue as follows:

ELEMENTS OF COUNT 1
TRAFFICKING IN METHAMPHETAMINE IN AN AMOUNT OVER 20 GRAMS

You are instructed that no person may be convicted of trafficking in illegal drugs unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First,            knowingly,

|          |                                                      |
|----------|------------------------------------------------------|
| Second,  | possessed;                                           |
| Third,   | in an amount of over 20 grams of Methamphetamine.    |

(O.R. 131).

## ELEMENTS OF COUNT 2
## FAILURE TO AFFIX DRUG TAX STAMP

No person may be convicted of Failure to Affix Drug Tax Stamp unless the State proves beyond a reasonable doubt each element of the crime. These elements are:

|          |                                                                          |
|----------|--------------------------------------------------------------------------|
| First,   | knowingly and intentionally;                                             |
| Second,  | possesses seven or more grams;                                           |
| Third,   | of the controlled dangerous substance of Methamphetamine;                |
| Fourth,  | without affixing a tax stamp issued by the Oklahoma Tax Commission.      |

(O.R. 134).

## ELEMENTS OF COUNT 3
## UNLAWFUL USE OF POLICE RADIO

No person may be convicted of operating a police frequency radio unless the State proves beyond a reasonable doubt each element of the crime. These elements are:

|          |                                                                              |
|----------|------------------------------------------------------------------------------|
| First,   | operating a mobile radio;                                                    |
| Second,  | that is capable of receiving transmissions made by a law enforcement agency; |
| Third,   | while committing a crime.                                                    |

(O.R. 135).

## ELEMENTS OF COUNT 4

13

UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA

No person may be convicted of possession of drug paraphernalia unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First,        knowingly;

Second,       possessing drug paraphernalia;

Third,        to inhale or ingest;

Fourth,       the controlled dangerous substance of marihuana or amphetamine.

(O.R. 136).

It is uncontested that these contraband items were found in petitioner's residence. Petitioner first raised these issues in his post-conviction application, arguing that the State failed to prove he had dominion and control over any of the contraband items. Under Oklahoma law, possession can be either actual or constructive, and can be proven with circumstantial evidence. *White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995). Possession need not be exclusive, as long as there is evidence the accused knowingly shared the right to control the substance. *Id*. Although mere presence in the area of the contraband is insufficient to prove possession, the possession may be proven by additional independent factors showing an accused's knowledge and control. *Staples v. State*, 528 P.2d 1131, 1133 (Okla. Crim. App. 1974). These factors include "any [] circumstance from which possession may be fairly inferred." *Id*. at 1134.

As set forth above, the evidence cited in the OCCA's opinion in petitioner's direct appeal, *Vaughn*, No. F 2002-175, slip op. at 2-3, shows more than petitioner's mere proximity to the contraband. *Staples*, 528 P.2d at 1133. The presence of petitioner's items of identification, which he testified were his, is an additional factor inferring possession of

the items in the bedroom. (Tr. 348). *See Gamble v. State*, 546 P.2d 1336, 1342-43 (Okla. Crim. App. 1976) (holding that additional factors, including discovery inside residence of the defendant's personal papers, photographs, and driver's license, established knowledge, dominion and control over heroin in residence); *Johnson v. State*, 764 P.2d 530, 532 (Okla. Crim. App. 1988) (holding letters and bills found in glove compartment of car indicated defendant felt comfortable enough in the vehicle to store his personal items there and was an additional independent factor establishing defendant know of drugs). In addition, the amount of money in petitioner's pocket and wallet, $3,557.00, adds to the establishment of his knowledge of and dominion and control over the contraband. *See Hill v. State*, 898 P.2d 155, 167 (Okla. Crim. App. 1995) (amount of money found on defendant's person was evidence connecting him to drugs). All these pieces of evidence show additional independent factors which infer petitioner's possession of the contraband. *See Staples*, 528 P.2d at 1134.

After careful review, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. Therefore, petitioner's appellate counsel was not ineffective in failing to raise these claims on direct appeal. *See Hawkins*, 185 F.3d at 1152.

### Admission of Evidence (Ground V)

In Ground V petitioner argues he was unfairly prejudiced by testimony by Robert Walden, an investigator with the district attorney's office, who claimed his training allowed him to tell how a "drug trafficker" distributed or concealed his money. Petitioner asserts the testimony had no probative value, it was prejudicial and inadmissible, and his appellate

attorney was ineffective in failing to raise this issue.

When petitioner was arrested, he had $569.00 in his front pocket and $2,988.00 in his wallet. (Tr. 231-32). The record shows Investigator Walden testified that, based on his training and experience in narcotics investigations, it was not unusual for drug traffickers to keep their money stashed in multiple locations. (Tr. 233). Walden further stated that "[m]onies are kept separate for maybe personal money versus money that's collected in sales of narcotics or money that's going to be used to purchase narcotics." (Tr. 234). Defense counsel's objection to the testimony was overruled. (Tr. 234). The respondent alleges this testimony was relevant and proper, and there is not a reasonable probability that petitioner's direct appeal would have had a different outcome, if the claim had been raised.

Petitioner raised this same issue in another direct appeal before the OCCA in Case No. F-00-1372, in which he was convicted in LeFlore County of Unlawful Possession of Methamphetamine and Marijuana, with the Intent to Distribute. [Docket #20, Exhibit 7]. In an unpublished opinion, the OCCA found "no error in admitting testimony regarding the officers' experiences in other drug investigations concerning how drugs and drug money are commonly stored." *Vaughn v. State*, No. F-2000-1372, slip op. at 3 (Okla. Crim. App. Mar. 14, 2002) (citing Okla. Stat. tit. 12, § 2701; *Green v. State*, 713 P.2d 1032, 1039 (Okla. Crim. App. 1985)).

"Evidence is relevant when it has a tendency to make the existence of a significant fact more probable or less probable." *Casady v. State*, 721 P.2d 1342, 1344 (Okla. Crim. App. 1986) (citing Okla. Stat. tit. 12, § 2401; *President v. State*, 602 P.2d 222 (Okla. Crim. App. 1979)). It is within the trial court's discretion to determine what evidence is admissible, and the OCCA will not disturb that decision absent clear abuse. *Hooper v. State*, 947 P.2d

1090, 1101 (Okla. Crim. App. 1997), *cert. denied*, 524 U.S. 943 (1998). A lay witness is permitted to give an opinion when the opinion is "rationally based" on his perception, is "helpful to . . . the determination of a fact issue," and is "not based on scientific, technical, or other specialized knowledge." Okla. Stat. tit. 12, § 2701.

> Opinions of lay witnesses . . . should be rejected only when they are not rationally based on the perception of the witness, or the opinion is superfluous in the sense it would be of *no value* to the trier of fact. If an opinion rationally based on the perception of the lay witness is helpful to the jury, it is within the discretion of the trial judge to admit the testimony.

*Green v. State*, 713 P.2d 1032, 1039 (Okla. Crim. App. 1985), *overruled on other grounds by Brewer v. State*, 718 P.2d 354 (Okla. Crim. App. 1985) (internal citation omitted).

Here, Investigator Walden testified about his opinion, rationally based on his experiences in other drug investigations. The court finds this opinion was helpful to the jury in determining whether petitioner had knowledge of and exercised dominion and control over the drugs. Petitioner's appellate counsel, therefore, was not ineffective in failing to raise this claim on appeal.

**Frank's Hearing (Ground VI)**

Petitioner next claims his appellate counsel was ineffective in failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), with regard to the State's search warrant and warrant affidavit. He contends trial counsel should have requested a *Franks* hearing, because the affidavit contained information obtained from a confidential informant. Petitioner also claims the officer led the magistrate to believe there was evidence of audiotaped and videotaped transactions.

17

The respondent alleges that petitioner has not met his burden of showing he was entitled to a *Franks* hearing, so the OCCA would have denied any claim that trial counsel was ineffective with regard to this issue.

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id*. at 155-56.

The OCCA has set the standard for allowing a *Franks* hearing as follows:

> In order to obtain a hearing at trial on this issue, [a defendant] would have had to make a "substantial showing" that the false statement . . . 1) was made knowingly and intentionally or with reckless disregard for the truth; 2) was included in the warrant affidavit; and, 3) the allegedly false statement is necessary to the finding of probable cause.

*Young v. State*, 992 P.2d 332, 339 (citing *Franks*, 438 U.S. at 155-56).

The court finds petitioner has made no showing that the confidential informant's information was false, or that the officer's use of the allegedly false information in the affidavit was knowing and intentional, or done with a reckless disregard for the truth. With respect to the alleged audiotaped and videotaped transactions, petitioner again fails to assert the officer's statement was false or made with a reckless disregard for the truth. Further, the fact that no tapes ultimately were found in petitioner's residence is not relevant to the fact that the officer had probable cause to believe those items would be present. Because petitioner has not made a showing that he was entitled to a *Franks* hearing, his appellate counsel was not ineffective in failing to raise this claim on direct appeal. Furthermore, the

OCCA's determination of all of petitioner's claims of ineffective assistance of appellate counsel was consistent with federal law, pursuant to 28 U.S.C. § 2254(d).

**Grounds VII, VIII, and IX**

Petitioner alleges in Ground VII that his trial counsel had an actual conflict of interest in representing both petitioner and petitioner's co-defendant. In Grounds VIII and IX he asserts he is actually innocent of Unlawful Possession of a Police Radio (Count 3) and Trafficking Methamphetamine (Count 1). The respondent alleges Grounds VII, VIII, and IX are procedurally barred from federal habeas review.

The record shows that petitioner first raised these three claims in his application for post-conviction relief. In its Order Affirming Denial of Post-Conviction Relief, the OCCA found that the issues that were not raised in petitioner's direct appeal were waived. *Vaughn v. State*, No. PC-2006-108, slip op. at 2-3 (Okla. Crim. App. Apr. 28, 2006).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Tenth Circuit Court of Appeals has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.

With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner alleges his "cause" for the default was ineffective assistance of appellate counsel. He, however, did not present a claim of ineffective assistance of appellate counsel with respect to Grounds VII, VIII, and IX in his post-conviction application, and the court finds he has failed to show "cause" for his failure to present these particular claims of ineffective assistance of appellate counsel to the state courts. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young* , 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

Although plaintiff asserts his actual innocence in Grounds VIII and IX, the court finds this unsupported claim lacks credibility. For a claim of actual innocence to be credible, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Because petitioner has not supported his claims with new reliable evidence of his innocence, the court finds he has failed to show that a fundamental miscarriage of justice will result if these three claims are not considered. Grounds VII, VIII, and IX are procedurally barred from federal habeas corpus review.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all

respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this <u>7th</u> day of November 2007.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**